```
RAYMOND NARDO, Esq.
Attorney for Plaintiff
129 Third Street
Mineola, NY 11501
(516)248-2121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
SIMONE M. ABEL                          :
                                              FIRST AMENDED
                        Plaintiff,      :     COMPLAINT

            -against-                   :     06-CV-6112
                                              Hon. P. Kevin Castel
THE BANK OF NEW YORK, THE BANK OF NEW   :
YORK COMPANY, Inc.
                        Defendants.     :

---------------------------------------X
```

JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et. seq., and the Equal Pay Act, 29 U.S.C. Sec. 206, et. seq.

2. Venue is proper in the Southern District of New York according to 28 U.S.C. 1391 because the defendants conduct business there and the cause of action arose there.

THE PARTIES

3. Plaintiff is a black female who is employed at Defendant The Bank of New York Company, Inc. and The Bank of New York (collectively herein "Bank of New York").

4. Defendant The Bank of New York Company, Inc. is a corporation duly licensed to conduct business in the State of New York and is located within the Southern District of New York.

5. Defendant The Bank of New York Company, Inc. is a corporation duly licensed to conduct business in the State of New York and is located within the Southern District of New York.

6. Defendant The Bank of New York Company, Inc. employs 15 or more employees, engages in interstate commerce, and is an "employer" under Title VII.

7. Defendant The Bank of New York Company, Inc. employs 501 or more employees, engages in interstate commerce, and is an "employer" under Title VII.

8. Defendant The Bank of New York is a corporation duly licensed to conduct business in the State of New York and is located within the Southern District of New York.

9. Defendant The Bank of New York is a corporation duly licensed to conduct business in the State of New York and is located within the Southern District of New York.

10. Defendant The Bank of New York employs 15 or more employees, engages in interstate commerce, and is an "employer" under Title VII.

11. Defendant The Bank of New York employs 501 or more employees, engages in interstate commerce, and is an "employer" under Title VII.

12. Defendants The Bank of New York Company, Inc., and The Bank of New York were a single and/or joint employer of plaintiff.

### ADMINISTRATIVE INFORMATION

13. Plaintiff filed a charge of discrimination before the Equal Employment Opportunity Commission ("EEOC") on or about November 3, 2005.

14. By letter dated June 1, 2006, the EEOC issued a Notice of Right to Sue letter.

15. Plaintiff commenced this action within 90 days of receipt of the right to sue letter.

### COUNT I.

16. Plaintiff repeats realleges and reincorporates all prior allegations as though fully set forth herein.

17. Plaintiff began working for the above employer on

or about 1996 as a consultant.  In 1998, she was hired as a LAN Administrator.

18. In 2000, defendants promoted plaintiff to the position of Technical Engineer III.

19. Upon information and belief, plaintiff has not been comparably paid the compensation of male employees during the entire time period she was a Technical Engineer III.

20. In 2004, defendants promoted plaintiff to the position of Assistant Treasurer.

21. At all times herein, defendants rated plaintiff's performance as better than satisfactory.

22. Defendants hired a Daniel Conroy, a male, at or around the time that it hired plaintiff.

23. Defendants later hired Ed Long, a male, whom plaintiff trained, as a Technical Engineer III.

24. In addition, Mr. Long was hired with the position of Assistant Vice President.

25. To date, plaintiff has not been bestowed the title of Assistant Vice President.

26. Upon information and belief, Mr. Long has no undergraduate degree, no technical certifications, and is not as qualified as plaintiff to perform the duties of Technical Engineer III.

27. Defendants later hired Chirag Shah, a male, whom plaintiff trained, as a Technical Engineer III.

28. Upon information and belief, Mr. Shah was hired as Assistant Treasurer, a title that took plaintiff several years to acquire.

29. Upon information and belief, Mr. Shah is not as qualified as plaintiff to perform the duties of Technical Engineer III.

30. Defendants compensated Conroy, Long, and Shirah at a rate of pay far greater than plaintiff, though the four employees were all Technical Engineer III's and performed the same or similar work.

31. In addition, plaintiff was paid less than similarly situated males despite the fact that she

supervised Long and Shah from the date of their hire to September 2005.

32. Defendants compensated the male Technical Engineer III's at a greater level of compensation than plaintiff because of plaintiff's gender, in violation of Title VII.

33. Upon information and belief, defendants also hired another female Technical Engineer III who was compensated at a rate of pay lower than the male Technical Engineer III's above.

34. Defendants violated the Equal Pay Act by compensating female employees who perform the same job duties less than male employees who perform the same job duties.

35. This disparity in pay continues through present.

36. Plaintiff seeks economic and non-economic damages for defendants' violation of the Equal Pay Act.

## COUNT II.

37. Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

38. This Court has jurisdiction over supplemental New York State law claims pursuant to 28 U.S.C. Section 1367.

39. Defendants are "employers" under the New York State Labor Law.

40. Defendants violated the New York State Equal Pay Act, Section 194 of the Labor Law, by paying plaintiff, on the basis of her sex, a wage at less than the rate of male employees in the same establishment for equal work.

41. Plaintiff seeks economic and non-economic damages for defendants' violation of the New York State Equal Pay Act.

## COUNT III.

42. Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

43. Defendants engaged in sex discrimination and violated Title VII of the Civil Rights Act of 1964

   by compensating males at a greater rate of pay than females, who perform the same job duties, causing plaintiff to suffer economic and non-economic damages.

COUNT IV.

44. Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

45. Defendants are "employers" under the New York State Human Rights Law.

46. Defendants engaged in sex discrimination and violated the New York State Human Rights Law by compensating males at a greater rate of pay than females, who perform the same job duties, causing plaintiff to suffer economic and non-economic damages.

COUNT V.

47. Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

48. Defendants employ at least four or more employees and are "employers" under the New York City Human Rights Law.

49. Defendants engaged in sex discrimination and violated the New York City Human Rights Law by compensating males at a greater rate of pay than females, who perform the same job duties, causing plaintiff to suffer economic and non-economic damages.

COUNT VI.

50. Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

51. Defendants have fostered and maintained a hostile work environment and discriminated against the plaintiff on the basis of race.

52. A former employee, displayed small gang-based hip-hop African American characters named "homies" on his desk.

53. In addition, another (white) employee displays a poster of a black rap artist with his shirt off

and holding a gun.

54. On July 13, 2005, plaintiff complained to the Divisional Managing Director about these items, but no action was taken.

55. Defendants have fostered and maintained a hostile work environment on the basis of race and discriminated against plaintiff, in violation of Title VII, which caused plaintiff economic and non-economic damages.

### COUNT VII.

56. Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

57. Defendants have fostered an maintained a hostile work environment on the basis of race and discriminated against plaintiff, in violation of the New York State Human Rights Law, which caused plaintiff economic and non-economic damages.

### COUNT VIII.

58. Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

59. Defendants have fostered an maintained a hostile work environment on the basis of race and discriminated against plaintiff, in violation of the New York City Human Rights Law, which caused plaintiff economic and non-economic damages.

### COUNT IX.

60. Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

61. After complaining about gender and race discrimination, defendants attempted to overload plaintiff by assigning her numerous assignments, excluding plaintiff from projects, and demoting plaintiff by removing her from the position of supervisor from the Enterprise Response Group.

62. Defendants have retaliated against plaintiff in violation of Title VII, causing plaintiff economic and non-economic damages.

### COUNT  X.

63. Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

64. Defendants have retaliated against plaintiff in violation of the New York State Human Rights Law, causing plaintiff economic and non-economic damages.

### COUNT XI.

65. Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

66. Defendants have retaliated against plaintiff in violation of the New York City Human Rights Law, causing plaintiff economic and non-economic damages.

### JURY DEMAND

67. The plaintiff demands trial by jury.

WHEREFORE, the plaintiff demands judgment against the defendants and prays:

(a) That this court award the plaintiff backpay, frontpay, lost fringe benefits, and accrued leave, which amounts are to be determined at trial, as well as compensatory damages, liquidated damages, and punitive damages, and pre-judgment interest for defendants' discrimination under the EPA as set forth in the first cause of action.

(b) That this court award the plaintiff backpay, frontpay, lost fringe benefits, and accrued leave, which amounts are to be determined at trial, as well as compensatory damages, liquidated damages, and pre-judgment interest for defendants' discrimination under the New York State EPA as set forth in the second cause of action.

(c) That this court award the plaintiff backpay, frontpay, lost fringe benefits, and accrued leave, which amounts are to be determined at trial, as well as compensatory damages, punitive damages, and pre-judgment interest for defendants' willful unlawful discrimination against the plaintiff under Title VII as set forth in the third cause of action;

(d) That this court award the plaintiff backpay, frontpay, lost fringe benefits, and accrued leave, which amounts are to be determined at trial, as well as compensatory and pre-judgment interest for defendants' willful unlawful discrimination against the plaintiff under the New York State Human Right Law as set forth in the fourth cause of action;

(e) That this court award the plaintiff backpay, frontpay, lost fringe benefits, and accrued leave, which amounts are to be determined at trial, as well as compensatory damages, punitive damages, and pre-judgment interest for defendants' willful unlawful discrimination against the plaintiff under the New York City Human Rights Law as set forth in the fifth cause of action;

(f) That this court award the plaintiff backpay, frontpay, lost fringe benefits, and accrued leave, which amounts are to be determined at trial, as well as compensatory damages, punitive damages, and pre-judgment interest for defendants' willful unlawful discrimination against the plaintiff under Title VII as set forth in the sixth cause of action;

(g) That this court award the plaintiff backpay, frontpay, lost fringe benefits, and accrued leave, which amounts are to be determined at trial, as well as compensatory and pre-judgment interest for defendants' willful unlawful discrimination against the plaintiff under the New York State Human Right Law as set forth in the seventh cause of action;

(h) That this court award the plaintiff backpay, frontpay, lost fringe benefits, and accrued leave, which amounts are to be determined at trial, as well as compensatory damages, punitive damages, and pre-judgment interest for defendants' willful unlawful discrimination against the plaintiff under the New York City Human Rights Law as set forth in the eighth cause of action;

(i) That this court award the plaintiff backpay, frontpay, lost fringe benefits, and accrued leave, which amounts are to be determined at trial, as well as compensatory damages, punitive damages, and pre-judgment interest for defendants' willful unlawful retaliation against the plaintiff under Title VII as set forth in the ninth cause of action;

(j) That this court award the plaintiff backpay, frontpay, lost fringe benefits, and accrued leave, which amounts are to be determined at trial, as well as compensatory and pre-judgment interest for defendants' willful unlawful retaliation against the plaintiff under the New York State Human Right Law as set forth in the tenth cause of action;

(k) That this court award the plaintiff backpay, frontpay, lost fringe benefits, and accrued leave, which amounts are to be determined at trial, as well as compensatory damages, punitive damages, and pre-judgment interest for defendants' willful unlawful retaliation against the plaintiff under the New York City Human Rights Law as set forth in the eleventh cause of action;

(l) That this court reinstate the plaintiff to her former position with defendant and issue her the Title of Assistant Vice

President;

    (m) That this Court issue an order enjoining the defendant from further discriminating against the plaintiff;

    (n) That this court award the plaintiff attorneys fees, disbursements, and costs pursuant to Title VII, 42 U.S.C. Section 1988, the Equal Pay Act, and the New York City Human Rights Law.

    (o)  That this court award the plaintiff such other and further relief as may be just and equitable.

Dated:    Mineola, New York

                                            Yours, etc.,

                                              /s/
                                      Raymond Nardo (4773)
                                      Attorney for
                                      Plaintiff
                                      129 Third Street
                                      Mineola, NY 11501
                                      (516)248-2121

TO:   Kimberly Lunetta, Esq.
       Renee Johnson, Esq.
       Morgan, Lewis & Bockius LLP
       502 Carnegie Center
       Princeton, New Jersey 08540-6241

<u>                        CERTIFICATE OF SERVICE</u>

I certify that on _____, I, RAYMOND NARDO,

<u>XX</u> mailed, first class    __ return receipt requested

__ overnite mailed        <u>  </u> faxed

__ personally served

the enclosed:

        plaintiff's first amended complaint

to Counsel for the defendants located at:

    Kimberly Lunetta, Esq.
    Renee Johnson, Esq.
    Morgan, Lewis & Bockius LLP
    502 Carnegie Center
    Princeton, New Jersey 08540-6241

_____
    RAYMOND NARDO